disputes the Commissioner's legal arguments. (Doc. 30.) Both parties also filed reply briefs to their respective motions. (Doc. 31 (Davis's reply to the Commissioner's response to her motion); Doc. 32 (the Commissioner's reply to Davis's response to his motion).) Davis has not filed a motion to certify the proposed class.

This matter is now before me on the parties' cross motions for summary judgment and their responses and replies thereto.

## ANALYSIS

The Commissioner contends that Davis does not have standing to request this writ. (Doc. 25 at 7.)[4] However, in making this argument, the Commissioner does not directly discuss injury, causation, or the adequacy of the requested remedy, *see, e.g.*, *Valley Forge Christian Coll. v. Ams. United for the Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982); nor does he assert a lack of standing due to prudential concerns, *see Bennett v. Spear*, 520 U.S. 154, 162 (1997). Instead, the Commissioner argues that there is not any "actual, live controversy to adjudicate," since Davis "did not ask the DDS to perform a duty" and Davis's claim remains in the reconsideration phase of the administrative process. (Doc. 25 at 7.) In light of this argument, and considering the authority cited by the Commissioner, I interpret this as an argument that Davis's claim is not ripe for judicial review.

However, the Commissioner also cites to caselaw from a sister circuit discussing mootness. (*See* Doc. 25 at 7 (citing *Campesinos Unidos, Inc. v. U.S. Dep't of Labor*, 803 F.2d 1063, 1067 (9th Cir. 1986).) In fact, mootness concerns do exist here. Davis's claim has proceeded to the point where no other consultative examinations are currently scheduled, as her

---

[4] The Commissioner raises justiciability questions in the context of whether Davis is entitled to a writ of mandamus, arguing that such concerns would affect whether Davis has a clear right to relief. (*See* Doc. 25 at 7). However, if Davis's claim is not justiciable, then it would be improper to analyze the merits of her mandamus request. I therefore consider the justiciability of Davis's claim prior to any mandamus analysis.